

**U.S. Department of Justice**
Civil Division
950 Pennsylvania Ave NW
Washington, DC 20530

Tel:  202-353-8189

VIA CM/ECF

August 12, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

RE:   *Mayfield v. DOL*, No. 23-50724 (argued August 7, 2024)

Dear Mr. Cayce:

 We write to address *Consumers' Research v. FCC*, No. 22-6008 (5th Cir. July 24, 2024) (en banc).  That case does not support plaintiffs' argument.

 In *Consumers' Research*, this Court held unconstitutional the funding mechanism the FCC uses in administrating the Universal Service Fund.  In the Court's view, Congress had "delegated its taxing power to FCC," and the Court expressed "grave" doubts as to whether Congress had supplied an intelligible principle.  2024 WL 3517592, at *9, 12-13, 16.  The Court did not "definitively answer" that question, however, because the Court concluded that "the unprecedented nature of the delegation combined with other factors is enough to hold it unlawful," including that, in the Court's view, the FCC had impermissibly sub-delegated its authority to a private entity without statutory authority to do so.  *Id.* at *16-19, *26, *49.

 This case does not involve the unique combination of factors the Court found problematic in *Consumers' Research*, and the delegation at issue here falls "unmistakably within" the Supreme Court's nondelegation precedents, as other courts of appeals have concluded.  *Fanelli v. U.S. Gypsum Co.*, 141 F.2d 216, 218 (2d Cir. 1944); *Walling v. Yeakley*, 140 F.2d 830, 831-32 (10th Cir. 1944).  As the government's brief explains (pp. 31-32), Congress in the FLSA set forth the statutory purposes, established minimum-wage and overtime-pay requirements for employees, and chose to exempt

from those requirements workers "employed in a bona fide executive, administrative, or professional capacity," while delegating to the Department the authority to "define[] and delimit[]" those terms by regulation. 29 U.S.C. § 213(a)(1). Congress thus entrusted the agency to "work out the details" of its statutory exemption in light of the Department's expertise and ability to consult with stakeholders. *See Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 167-68 (2007). *Loper Bright* specifically cited as an example of an express delegation a parallel provision authorizing the Department to "define[] and delimit[]" the "terms" of the FLSA exemption for companionship workers, 144 S. Ct. 2244, 2263 & n.5 (2024) (quoting 29 U.S.C. § 213(a)(15))—the same exemption considered in *Coke*, 551 U.S. at 162, 166-68.

                Sincerely,

                Michael S. Raab
                Courtney L. Dixon
                */s/ Courtney L. Dixon*
                Courtney L. Dixon
                Attorneys

cc:    all counsel (via CM/ECF)